UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JACOBS, | Case No. 2:25-cv-2648-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding without counsel, commenced this action in the Sacramento County Superior Court, alleging that defendants violated his civil rights and California law by failing to provide him adequate medical care. ECF No 1 at 9-17. On September 15, 2025, defendants removed the case to this court on the basis of federal question jurisdiction. ECF No. 1; *see* 28 U.S.C. §§ 1331, 1441(c). Shortly thereafter, plaintiff filed a motion for leave to amend his complaint, seeking to remove all federal claims, together with a motion to remand. ECF Nos. 3 & 4. Defendants have filed a statement of non-opposition to both motions. ECF No. 8. I will grant plaintiff's motion to amend and recommend that his motion to remand be granted.[1]

---

[1] Plaintiff has also filed a motion to file documents electronically. ECF No. 5. Because the case should be remanded to state court, that motion is denied as moot.

1

### I.     Motion to Amend

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Given that defendants do not oppose the motion, ECF No. 8, and that leave to amend is freely given, Fed. R. Civ. P. 15(a)(2), plaintiff's motion to amend is granted. Accordingly, this action will proceed on plaintiff's first amended complaint.

### II.    Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). If there is any doubt as to the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Plaintiff's first amended complaint removes all federal claims that were asserted in his earlier complaint and alleges only violations of California law. *See* ECF No. 3-1. Moreover, defendants do not oppose plaintiff's motion to remand. ECF No. 8. Because this case no longer presents a federal question, it should be remanded back to state court. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25-26 (2025) ("When an amendment [to the complaint] excises

the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.").

Accordingly, it is hereby ORDERED that:

1. The November 20, 2025 hearing on plaintiff's motions to amend, ECF No. 3, and to remand, ECF No. 4, is VACATED.

2. Plaintiff's motion to amend the complaint, ECF No. 3, is GRANTED.

3. The Clerk of Court is directed to file a copy of plaintiff's proposed first amended complaint, ECF No. 3-1, on the docket.

4. Plaintiff's motion to file documents electronically, ECF No. 5, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's motion to remand, ECF No. 4, be GRANTED.

2. The case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE